UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| NATIONAL VAN LINES, INC., | ) | Civil Action No. 4:12-926-TLW-KDW |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | REPORT AND RECOMMENDATION |
|  | ) |  |
| NATIONAL VAN LINES INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

Plaintiff National Van Lines, Inc. ("Plaintiff"), which provides moving services nationwide, filed a Complaint against Defendant National Van Lines Inc. ("Defendant") on April 2, 2012, bringing the following causes of action: federal trademark infringement, 15 U.S.C. § 1114(a); federal unfair competition, 15 U.S.C. § 1125(a); federal trademark dilution, 15 U.S.C. § 1125(c); cybersquatting, 15 U.S.C. § 1125(d)(1); and violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a). Compl., ECF No. 1. Plaintiff alleges that Defendant's "adoption and use of Plaintiff's exact name NATIONAL VAN LINES INC., and other related names and marks, for use in connection with Defendant's moving services[,]" infringe on Plaintiff's marks. *Id.* ¶ 2. Defendant has failed to answer or otherwise plead, and Plaintiff requested entry of default on August 17, 2012. *See* ECF No. 41. On August 20, 2012, the Clerk of Court entered default as to Defendant National Van Lines Inc. pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 43. Plaintiff then moved for default

judgment. ECF No. 45.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Terry L. Wooten referred the default judgment motion to the undersigned. The court conducted a hearing on March 22, 2013, at which Plaintiff appeared through counsel. At the time the court called the hearing to order, no one had appeared on behalf of Defendant. At the court's instruction, the Court Security Officer went outside the courtroom and called for Defendant three times. No one appeared on Defendant's behalf, and the court then heard argument from Plaintiff's counsel on the pending Motion. For the reasons set forth herein, the undersigned recommends Plaintiff's Motion for Default Judgment, ECF No. 45, be *granted* as detailed herein.

I.     Background Regarding Litigation and Plaintiff's Attempts to Serve Defendant

Several days after filing its Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("TRO Mot."), seeking to enjoin Defendant from its use of Plaintiff's "trademarks and names or similarly confusing trademarks and names" related to "the sale of rival moving services." TRO Mot., ECF No. 9. In an April 6, 2012 Order, the court scheduled a hearing on the TRO Motion for April 13, 2012, and ordered Plaintiff to serve its Complaint, TRO Motion, and the April 6, 2012 Order on Defendant by April 10, 2012. ECF No. 12. The Order indicated that Defendant's failure to appear at the April 13, 2012 hearing would result in the relief sought in Plaintiff's motion being granted. *Id.*

---

[1] Although Plaintiff styled its motion as a "Motion for Entry of Default," ECF No. 45 , and cites to Federal Rules of Civil Procedure 55(a) in the Motion itself, the court notes that the Clerk of Court already properly entered default pursuant to Rule 55(a) in response to Plaintiff's "Request for Entry of Default," ECF No. 41 . *See* ECF No. 43 (Clerk's Entry of Default). In Plaintiff's Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment," ECF No. 45 -1, Plaintiff seeks entry of default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b). *See* ECF No. 45 -1 at 6. The court construes Plaintiff's pending Motion, ECF No. 45, as a Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55(b), and issues this Report and Recommendation ("Report") as such. *See* ECF No. 49.

On April 11, 2012, Plaintiff filed a Notice of Attempted Service, which outlined service efforts made by a private process server retained by Plaintiff, as well as efforts by Plaintiff's counsel to speak with someone who handled legal matters for Defendant to inform him or her of the pending matter and to determine a valid address for service on Defendant. ECF Nos. 18, 18-1 (Process Server Aff. of Attempted Service), 18-2 (Decl. of Counsel). Although service efforts were unsuccessful, Mr. Hunter S. Freeman entered his appearance as counsel for Defendant on April 13, 2012. ECF No. 19.

On April 13, 2012, the court held a hearing on Plaintiff's TRO Motion, at which counsel for Plaintiff and Defendant appeared. *See* ECF No. 20. During the hearing, Defendant's then-counsel advised the court and Plaintiff's counsel that he would accept service on behalf of Defendant. *See* Decl. of Pl.'s Counsel Jami A. Gekas[2] ("Gekas Decl."), ECF No. 41-1 ¶ 3. Through their respective counsel, the parties informed the court they had reached an agreement regarding the TRO Motion and that they would meet the following week to discuss final settlement of the litigation. *See* ECF No. 20. The parties provided the court with a proposed TRO, which the court reviewed and entered. *See id.*; ECF No. 21 (Consent TRO).

Based on Mr. Freeman's April 13, 2012 acceptance of service for Defendant, its deadline to answer or otherwise plead in response to Plaintiff's Complaint was May 4, 2012. On April 25, 2012, Mr. Freeman emailed Plaintiff's counsel acknowledging the May 4, 2012 deadline and requesting a 21-day extension of time for his client to answer or otherwise plead. Gekas Decl. ¶ 4, ECF No. 41-1. Plaintiff's counsel agreed to extend the deadline, *id.* ¶ 5, making May 25, 2012 the deadline by which Defendant was to answer or otherwise plead.

---

[2] The court granted the motion for Ms. Gekas to appear pro hac vice in this matter. *See* ECF Nos. 7, 14.

On May 10, 2012, Mr. Freeman moved to withdraw as counsel for Defendant. ECF No. 22. The court denied that motion on procedural grounds, giving Mr. Freeman leave to refile the motion. ECF No. 24. Mr. Freeman refiled the motion on June 1, 2012. ECF No. 25. Neither Mr. Freeman nor anyone purporting to represent Defendant filed an answer or other pleading in response to Plaintiff's Complaint by May 25, 2012.

The court scheduled a telephone hearing for June 20, 2012 on Mr. Freeman's Motion to Withdraw, instructing the Clerk of Court to send a copy of the hearing notice to Defendant's corporate representative by regular and by certified mail to the last known address of Defendant available to Mr. Freeman. ECF No. 26. Mr. Freeman, counsel for Plaintiff, and Ms. Brittany Manning, who indicated she was a non-officer corporate representative of Defendant, attended the June 20, 2012 hearing. ECF No. 31. During the hearing, the court granted Mr. Freeman's motion to withdraw as Defendant's attorney of record, but advised Ms. Manning that Defendant was to obtain new counsel. *Id.* The court informed Ms. Manning that a corporate defendant cannot represent itself, nor can someone who is not an attorney represent a corporate party. *Id.* Further, the court advised that Defendant was required to retain new counsel no later than July 20, 2012, and that such counsel was to file a notice of appearance by that date. *Id.* The court informed Defendant that, should it fail to retain new counsel by that deadline, default judgment may be entered against it. Further, the court deemed July 20, 2012 as the date service of Plaintiff's Complaint on Defendant was effected. *Id.* Based on the July 20, 2012 service date, Defendant's deadline to answer or otherwise plead became August 10, 2012.

Ms. Manning was instructed to provide the court with valid contact information for Defendant, to include a mailing address and the full names of Defendant's officers. Further, Ms. Manning was instructed to immediately provide the court with a valid fax number. *Id.*

4

Neither Ms. Manning nor anyone purporting to be a representative of Defendant provided the court with valid contact information. Further, no counsel has entered an appearance on behalf of Defendant. Defendant has failed to answer or otherwise plead, and Plaintiff requested entry of default on August 17, 2012. *See* ECF No. 41. On August 20, 2012, the Clerk of Court entered default as to Defendant National Van Lines Inc. pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 43.

On March 5, 2013, the court scheduled a hearing on Plaintiff's Motion for Entry of Default Judgment, ECF No. 45. *See* ECF No. 46. On March 6, 2013, the court entered an Order noting that Plaintiff's Motion, ECF No. 45, was a Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 49. The Clerk of Court mailed notice of the hearing to Defendant at its last known address by regular and certified mail. ECF Nos. 48, 50. All of those mailings were returned as undeliverable on March 19, 2013. ECF Nos. 52-54.

The court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under 15 U.S.C., Chapter 22 – Trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction). The court has personal jurisdiction over Defendant because Defendant is a corporation organized under the laws of South Carolina with an identified principal place of business located in South Carolina and because Plaintiff's claims against Defendant alleged herein arise from Defendant's operation of a business or business venture in South Carolina.

II.     Findings of Fact

Having reviewed Plaintiff's Complaint, Answers to Local Rule 26.01 Interrogatories, Plaintiff's Motion for TRO, Plaintiff's Request for Entry of Default, and Plaintiff's Motion for Default Judgment, as well as supporting and supplemental information provided, the undersigned accepts Plaintiff's well-pleaded factual allegations as true and makes the following factual findings. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2009).

Plaintiff National Van Lines, Inc. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at National Plaza, 2800 Roosevelt Road, Broadview, Illinois, 60153. Compl. ¶ 3, ECF No. 1. On information and belief, Defendant National Van Lines Inc. is a corporation organized and existing under the laws of the State of South Carolina, with a claimed principal place of business of 4740 Highway 17 South, Suite A, North Myrtle Beach, South Carolina, 29582. *Id.* ¶ 4.[3]

Since as early as 1928, Plaintiff has provided moving services to the public under the National Van Lines name and one or more trademarks (collectively, the "NATIONAL VAN LINES Marks"), dedicating significant resources to develop its brand and the service marks associated with its brand and the NATIONAL VAN LINES Marks. *Id.* ¶ 10. Plaintiff has obtained several trademark registrations for its marks in the United States Patent and Trademark Office, including but not limited to federal trademark Registration Numbers 563,950, 712,297, 933,021, 1,716,566, and 1,718,818, all of which are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and therefore serve as conclusive evidence of Plaintiff's exclusive rights to use the marks in commerce. *Id.* ¶ 15, and ex. A thereto, ECF Nos. 1, 1-2.

---

[3] Defendant has not provided the court with current contact information. *See* Pl.'s Req. for Entry of Default, ¶¶ 10-11, ECF No. 41.

In late 2011 or early 2012, Defendant commenced simulating the NATIONAL VAN LINES Marks, in interstate commerce, in connection with Defendant's own moving business, by using a variety of names and marks that are identical to or confusingly similar to the NATIONAL VAN LINES Marks, including, inter alia, NATIONAL VANLINE, NATIONAL VAN LINES INC., NATIONAL VANLINES INC., and VATIONAL VANLINE MOVERS (collectively, the "Infringing Marks"). Compl. ¶ 17, ECF No. 1. At or about the same time Defendant commenced use of the Infringing Marks, Defendant registered as a general freight carrier, but not a carrier of household goods, with the Department of Transportation under the name "National Vanlines, Inc." *Id.* ¶ 18. Defendant also registered with the South Carolina Secretary of State as a for-profit corporation, on November 14, 2011, as "National Van Lines, Inc." *Id.* ¶ 18 and ex. B thereto, ECF Nos. 1, 1-3. As of the time Plaintiff filed its Complaint and TRO Motion, upon information and belief, Defendant also operated the web site available at URL http://nationalvanline.net (the "Infringing Site"). Compl. ¶ 19, ECF No. 1.

Plaintiff first learned of Defendant's infringement on March 28, 2012 when Plaintiff was contacted by an unhappy consumer who contracted moving services through Defendant, believing that Defendant was actually Plaintiff. *Id.* ¶ 25. Plaintiff filed its Complaint on April 2, 2012 and its Motion for Temporary Restraining Order on April 4, 2012. ECF Nos. 1 and 9.

III.     Defendant was Properly Served and has Defaulted in this Action

Federal Rule of Civil Procedure 55(b) grants the court the power to enter final default judgment against a party upon application by the plaintiff after the entry of default. Entry of a final default judgment is appropriate when, as here, a properly served party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (citing *Park Corp. v. Lexington*

7

*Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). This action was commenced against Defendant, who is subject to the court's jurisdiction, on April 2, 2012 by the filing of the Summons and Complaint. Compl. ECF No. 1. As outlined above, Defendant's counsel Mr. Freeman accepted service on behalf of Defendant, and Defendant was again later deemed to have been served. ECF Nos. 20 and 31. Defendant has not answered Plaintiff's Complaint, and the time for answering the Complaint has expired. Upon application by Plaintiff, the Clerk of the Court entered default against Defendant on August 20, 2012 for failure to plead or otherwise defend the action. ECF No. 43. Therefore, default judgment against Defendant is appropriate pursuant to Rule 55(b).

IV.     Plaintiffs Are Entitled to Default Judgment on Counts I-V of the Complaint

      a. Counts I and II for Trademark Infringement and Unfair Competition/False Designation of Origin

In the Complaint, Plaintiff brought well-pleaded claims against Defendant for (1) federal trademark infringement; (2) federal unfair competition and false designation of origin; (3) federal dilution; (4) federal cybersquatting; and (5) violation of the South Carolina Unfair Trade Practices Act. The court considers these in turn. Having found the facts as set forth in Plaintiff's Complaint deemed admitted by default, the court must ensure the Complaint sets forth claims as to which relief can be granted pursuant to the standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003); *see also Joe Hand Promotions, Inc. v. Scott's End Zone, Inc.*, 759 F. Supp. 2d 742, 747 (D.S.C. 2010).

To prevail on a claim of federal trademark infringement (15 U.S.C. § 1114(a)) or unfair competition and false designation of origin (15 U.S.C. § 1125 (a)), Plaintiff must establish that (1) its marks are protectable, and (2) Defendant's use of those marks is likely to cause confusion. *Synergistic Intern., LLC v. Korman,* 470 F.3d 162, 170 (4th Cir. 2006); *CareFirst of Md., Inc. v.*

8

*First Care, P.C.*, 434 F.3d 263, 267 (4th Cir. 2006); 15 U.S.C. § 1114(a) and 15 U.S.C. § 1125(a). The undersigned finds Plaintiff meets those requirements here. Plaintiff has alleged that it owns multiple protectable federal registrations for the NATIONAL VAN LINES Marks. *See* Compl. ¶ 15 and exs. thereto, ECF Nos. 1, 1-1, 1-2, 1-3, 1-4; *see also* Consent TRO ¶ 4, ECF No. 21. Plaintiff has established that Defendant used a variety of similar, confusing marks without consent from Plaintiff. *See* Compl. ¶¶ 17-22 and exs. thereto, ECF Nos. 1, 1-3, 1-4; *see also* Consent TRO ¶ 5, ECF No. 21. Plaintiff has also pleaded that Defendant's actions are likely to cause consumer confusion and have in fact already caused actual confusion. Compl. ¶¶ 24, 32, ECF No. 1. *See also* Pl.'s Mem. Supp. Mot. TRO 5-8 and exs. thereto, ECF Nos. 9-1 through 9-7. In fact, Plaintiff has provided details of actual, documented customer confusion caused by Defendant's improper use of the Infringing Marks. *See, e.g.,* Decl. of S. Mackey (Pl.'s Customer Service Manager's detailing a Mar. 28, 2012 call from customer with issues associated with having hired Defendant), ECF No. 9-2; Decl. of A. Bacon (Pl.'s Sales Coordinator's detailing discussions with customer who had received a telephonic moving quote from someone associated with Defendant, but thinking the quote was from someone associated with Plaintiff), ECF No. 9-6.

Therefore, the court finds Plaintiff has established its claims trademark infringement under 15 U.S.C. § 1114(a) and unfair competition and false designation of origin under 15 U.S.C. § 1125 (a) and is entitled to default judgment as to Counts I-II of its Complaint.

    b. Count III: Dilution

To state a prima facie dilution claim under the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125(c), Plaintiff must show the following: (1) it owns a famous mark that is distinctive; (2) Defendant has commenced using a mark in commerce that allegedly is

9

diluting the famous mark; (3) that a similarity between Defendant's mark and the famous mark gives rise to an association between the marks; and (4) that the association is likely to impair the distinctiveness of the famous mark or likely to harm the reputation of the famous mark. *See Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 264-65 (4th Cir. 2007).

Here, Plaintiff has alleged that its marks achieved fame and a strong secondary meaning—through Plaintiff's expenditure of millions of dollars throughout its history to advertise the mark, resulting in millions of dollars in annual sales—long prior to the acts of Defendant. *See* Compl. ¶¶ 13-17, ECF No. 1. As noted above, Plaintiff has also pleaded and provided evidence of similarities between its Marks and those used by Defendant, as well as evidence of confusion that is likely to harm the reputation of its Mark.

Therefore, the court finds Plaintiff has established its dilution claim under the FTDA and is entitled to default judgment as to Count III of its Complaint.

c. Count IV: Cybersquatting

To prevail on its cybersquatting claim brought pursuant to 15 U.S.C. § 1125(d), Plaintiff must establish that Defendant "(1) had a bad faith intent to profit from using the [<nationalvanline.net>] domain name; and (2) the domain name [<nationalvanline.net>] is identical or confusingly similar to, or dilutive of, the distinctive and famous [NATIONAL VAN LINES] mark." *Lamparello v. Falwell*, 420 F.3d 309, 318 (4th Cir. 2005) (internal quotation and citation omitted); 15 U.S.C. § 2215 (d)(1)(A). Here, the Complaint includes allegations of Defendant's bad faith intent to profit as well as the confusing similarity between the <nationalvanline.net> and the NATIONAL VAN LINES Marks. Compl. ¶¶ 19, 52-53, ECF No. 1.

10

The court finds Plaintiff has established its cybersquatting claim under 15 U.S.C. § 1125(d) and is entitled to default judgment as to Count IV of its Complaint.

        d. Count V: Violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a).

Plaintiff's final cause of action claims that Defendant's actions also violate the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unlawful or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."). Under South Carolina law, proof of trademark infringement is sufficient to establish a violation under SCUTPA. *See Johnson v. Sosebee*, 397 F. Supp. 2d 706, 712 (D.S.C. 2005) (noting standard for liability under SCUTPA, "like that of [federal law] is likelihood of consumer confusion"); *see also Raco Car Wash Sys., Inc. v. Smith*, 730 F. Supp. 695, 706 (D.S.C. 1989) (finding trademark infringement was an unfair or deceptive act that adversely impacted the public interest). The same pleadings and facts that support Plaintiff's federal trademark claims support this state-law cause of action.

Plaintiff's allegations and facts presented support the SCUTPA claim, and Plaintiff is entitled to default judgment as to Count V of its Complaint.

V.     Permanent Injunctive Relief is Appropriate

Having found Plaintiff entitled to default judgment on all causes of action does not end the analysis. The court must also consider whether the facts alleged in the Complaint, when accepted as true, support the issuance of a permanent injunction. *See Mary Kay Inc. v. Ayres*, 827 F. Supp. 2d 584, 595 (D.S.C. 2011). A portion of the injunctive relief Plaintiff now seeks mirrors the relief sought and obtained from the district court in the TRO. *Compare* TRO 3-4 *with* Proposed Order on Permanent Injunction 8-9, ECF No. 45-3. Plaintiff also seeks a destruction order pursuant to 15 U.S.C. § 1118, requiring Defendant to "deliver for destruction all labels,

signs, advertisements, and any other material bearing any of Defendant's Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof[.]" *See* ECF No. 45-3 at 9. Plaintiff also seeks an order directing Defendant to "cover or conceal Defendant's Marks to the extent that they are displayed on any existing physical signage or materials[,]" and enjoining Defendant from "directly or indirectly" using Defendant's Marks or others that are "confusingly similar to the NATIONAL VAN LINES Marks," in connection with any goods or services or as a business name. *Id.* Plaintiff seeks to enjoin Defendant's use of any the domain name "nationalvanline.net" and other registered domain name that uses Plaintiff's Marks. *Id.* at 9-10.[4] Plaintiff also seeks to have Defendant be required to change its corporate name with all relevant official governing bodies. *Id.* at 10.

The Lanham Act permits a court of competent jurisdiction to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). Courts likewise have the authority to grant injunctions in default judgment actions involving trademark infringement. *See, e.g., Leading Edge Mktg. Inc. v. Builders Prosource, LLC*, No. 3:09-cv-704-CMC, 2009 WL 2612817 (D.S.C. Aug. 24, 2009) (granting plaintiff's motion for default judgment and for permanent injunction in Lanham Act case).

---

[4] Plaintiff had requested that the court order a third-party, internet-domain-name-registrar GoDaddy.com, LLC, to transfer the domain name [nationalvanline.net] from the current registrant to Plaintiff. *See* Proposed Order, ECF No. 45-3 at 9. At the hearing, Plaintiff's counsel indicated that request for relief had become moot as Plaintiff understood Defendant had voluntarily relinquished the domain name [nationalvanline.net]. Accordingly, the court does not consider Plaintiff's requested relief related specifically to that domain name further.

To obtain permanent injunctive relief, Plaintiff must satisfy the traditional permanent-injunction analysis. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-94 (2006). As the Court explained, a plaintiff must show the following:

(1) that it has suffered an irreparable injury;
(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
(4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 391. *See PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126-27 (4th Cir. 2011) (finding *eBay* factors should be considered in request for a permanent injunction pursuant to the Lanham Act); *see also BMW of N. Am., LLC v. FPI MB Entm't,* No. 4:10–82–TLW–SVH, 2010 WL 4365838, *2 (D.S.C. Sept. 13, 2010) (collecting cases for proposition that trademark injuries are considered irreparable) *accepted in* 2010 WL 4340929 (D.S.C. Oct. 28, 2010).

Plaintiffs have alleged facts that support the issuance of a permanent injunction. As many courts have noted, trademark infringement often causes irreparable injury for which the trademark owner has no adequate legal remedy. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 939 (4th Cir. 1995) ("irreparable injury regularly follows from trademark infringement"); *see also BMW*, 2010 WL 4365838, at *2 ("trademark injuries are considered irreparable"). In addition, Plaintiff has proffered evidence of irreparable injury through actual confusion suffered by at least three customers that resulted in complaints to Plaintiff about Defendant's conduct. Mackey Decl. ¶¶ 3-8, ECF No. 9-2; Coulter Decl. ¶¶ 8-11, ECF No. 9-3; Decl. of Customer P. Quintana ¶¶ 3-6, ECF No. 9-5; Bacon Decl. ¶¶ 4-8, ECF No. 9-6. Such evidence shows irreparable injury that has occurred and could continue to occur without a permanent injunction. *See Lone Star*, 43 F.3d at 939 (noting that irreparable injury can

be shown by demonstrating actual customer confusion and specific customer complaints from the confusion).

Further, the undersigned finds that the balance of hardships favors Plaintiff. Plaintiff may continue to suffer irreparable harm if it is not granted relief against Defendant's ongoing acts of infringement. Customers have already demonstrated actual confusion. In contrast, Defendant will not be harmed by the court's granting the relief Plaintiff seeks. Defendant cannot claim to be harmed for being stopped from doing something it has no right to do—i.e., improperly using the NATIONAL VAN LINES Marks without authorization and profiting unjustly from that use. Defendant's unauthorized use poses a threat to Plaintiff's efforts and expenditures in developing goodwill in the National Van Lines name and brand. Moreover, there are hundreds of other names under which Defendant may continue to offer its services. *See Allegra Network LLC v. Reeder*, No. 1:09-cv-912, 2009 WL 3734288, at *3 (E.D. Va. Nov. 4, 2009) (finding the balance of the equities favored the plaintiff because, *inter alia*, defendant could continue to operate its store without using the plaintiff's trademarks).

Finally, the issuance of a permanent injunction is necessary to protect the public interest in that it will prevent future customers from being misled. *See Lone Star*, 43 F.2d at 939. In trademark infringement actions, the rights infringed are not just the plaintiff's right to control its reputation, but also the right of the public to be free from confusion. "Where a likelihood of confusion arises out of the concurrent use of a trademark, the infringer's use damages the public interest." *Meineke Car Care Centers, Inc. v. Bica*, No. 3:11-cv-369-FDW-DCK, 2011 WL 4829420, at *4 (W.D.N.C. Oct. 12, 2011).

Having found Plaintiff satisfies each of the factors considered in the permanent-injunction analysis, the undersigned recommends a permanent injunction be issued against

Defendant. The recommended terms of the permanent injunction are set forth below in the "Conclusion" section of this Report.

VI.    Statutory Damages, an Accounting, Costs and a Finding That This Case Is "Exceptional."

The Lanham Act provides the following concerning recovery for violation of rights under the Act:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to provide defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). This section therefore allows an award of these monetary remedies: (1) recovery of Defendant's profits; (2) recovery of damages sustained by Plaintiff; (3) costs; and (4) "reasonable attorney fees to the prevailing party" in "exceptional cases[.]" *Id.*

Here, Plaintiff does not seek actual damages for Defendant's infringement. Pl.'s Mem. 11, ECF No. 45-1. Rather, Plaintiff seeks an order requiring Defendant provide an accounting of profits gained from its infringement, an award of costs, and attorneys' fees. The court considers these in turn.

a. Accounting

Plaintiff seeks an accounting from Defendant to determine the appropriate amount of statutory damages resulting from Defendant's profits from infringement. No showing of bad faith is necessary to justify an accounting of profits. *See Vantage, Inc. v. Vantage Travel Service, Inc.*, C.A. No. 6:08-2765-HMH, 2010 WL 3046992 *1, *3 (D.S.C. Aug. 2, 2010) (quoting *Synergistic Intern., LLC, v. Korman*, 470 F.3d 162, 175 (4th Cir. 2006)). Nonetheless, here Defendant's failure to comply with the court's Orders and failure to answer the Complaint have prevented Plaintiff from having discovery into the nature and scope of Defendant's profits from using the Infringing Marks. Accordingly, the undersigned finds it appropriate that an accounting be ordered.

Should the United States District Judge agree that an accounting should be required, the undersigned further recommends that appropriate time limits be placed on the accounting, as detailed below in the "Conclusion and Recommendation" section of this Report and Recommendation.

b. Costs

Plaintiff seeks an award of costs under the statute, and indicates it will submit a bill of costs if necessary. *See* Pl.'s Mem. 11, ECF No. 45-1. Having found it appropriate to enter judgment for Plaintiff pursuant to the Lanham Act, it is appropriate to award costs. *See* 15 U.S.C. § 1117(a) (finding plaintiff that has established Lanham Act violation "shall" be entitled to costs, "subject to the principles of equity").

At the hearing on the Motion for Default Judgment, Plaintiff's counsel indicated that, upon obtaining results of an accounting from Defendant, Plaintiff would detail to the court the precise costs it seeks and provide appropriate verification for such costs. As detailed in the

"Conclusion and Recommendation" section below, the undersigned recommends Plaintiff be provided a reasonable deadline within which to provide such information to the court.

    c. Exceptional Case/Attorneys' Fees

Plaintiff argues that this is an "exceptional case" such that the court should award reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a). Considering the Lanham Act's legislative history, courts consider cases to be exceptional for purposes of awarding attorneys' fees when "the trademark infringement can be characterized as malicious, fraudulent, deliberate, or willfull." *Selchow & Righter, Inc. v. Decipher, Inc*., No. 84-505-N, 1985 WL 5939, *3 (E.D. Va. Dec. 20, 1985) (internal quotations omitted). *See also Mary Kay*, 827 F. Supp. 2d at 591.

The undersigned finds that Defendant's conduct satisfies the definition of exceptional. Defendant purposefully held itself out to be related or authorized by Plaintiff. Moreover, as fully alleged in Plaintiff's Complaint, Defendant intentionally misspelled the name of its company as "Vational Vanline" throughout the text portion of its domain <nationalvanline.net> in an effort to avoid detection by Plaintiff. *See* Compl. ¶¶ 19-22, ECF No. 1. This intentional act was designed to deceive customers into believing Defendant's services were somehow related to or authorized by Plaintiff. In addition, subsequent to the court's relieving Mr. Freeman as counsel for Defendant, Defendant did not obtain counsel to represent it in this matter, despite the court's clear instruction to Defendant's purported agent, Ms. Manning. Further, Defendant did not comply with the court's direct orders provided at the June 20, 2012 hearing to provide valid contact information to the court and Plaintiff. *See* ECF No. 31.

Accordingly, the undersigned finds Plaintiff is entitled to recover reasonable attorneys' fees in this exceptional case. 15 U.S.C. § 1117(a). At the hearing on Plaintiff's Motion for Default Judgment, Plaintiff's counsel indicated that Plaintiff would provide appropriate

documentation regarding the attorneys' fees sought upon obtaining results of an accounting from Defendant. As detailed in the "Conclusion and Recommendation" section below, the undersigned recommends Plaintiff be provided a reasonable deadline within which to submit such information to the court. In any such submission, Plaintiff and its counsel are directed to review this court's Local Civil Rule 54.02(A), which provides that attorneys' fee petitions must comply with *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.1978), "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Civil Rule 54.02(A) (D.S.C.). *See also Mary Kay*, 827 F. Supp. 2d at 592 (considering *Barber* in awarding attorneys' fees in Lanham Act case).

VII.   Conclusion and Recommendation

The undersigned recommends the following:

- Plaintiff's Motion for Default Judgment, ECF No. 45, be granted;

- Within 30 days of service on Defendant of the Order of the United States District Judge on Plaintiff's Motion for Default Judgment,[5] Defendant shall make to Plaintiff, with a copy to this court, an accounting of gross profits earned by Defendant, such that appropriate statutory damages under the Lanham Act may be determined. *See* 15 U.S.C. § 1117(a);

- A finding be made that Defendant's willful infringing conduct makes this an "exceptional" case under 15 U.S.C. § 1117 and that Plaintiff be awarded reasonable attorneys' fees in an amount to be determined;

- Plaintiff be awarded costs, upon submission of an appropriate Bill of Costs;

- Within 14 days of either (a) Plaintiff's receipt of the ordered accounting from Defendant or (b) return of the Order of the United States District Judge on Plaintiff's Motion for Default Judgment as undeliverable, which ever date is later, Plaintiff is to

---

[5] The court will enter this Report and Recommendation and the United States District Court Judge's Order on Plaintiff's Motion for Default Judgment into the Court's Electronic Filing System and will mail same to Defendant using the last known mailing address available to the court. In addition, the undersigned recommends the United States District Judge consider permitting Plaintiff to retain its own private process server in an attempt to serve Defendant with its Order on Plaintiff's Motion.

inform the court of the amount it seeks to recover from Defendant's profits, provide a verified Bill of Costs and other appropriate documentation regarding costs, and provide appropriate detailed information regarding reasonable attorneys' fees sought; and

- Pursuant to 15 U.S.C. § 1116, the undersigned recommends that the court enter a permanent injunction containing the following terms:

1. The court's prior Consent TRO, ECF No. 21, be made permanent; and Defendant National Van Lines Inc., along with its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of the Order by personal service or otherwise, be permanently enjoined and prohibited from engaging in any of the following activities:

   a. Displaying the Infringing Marks on electronic marketing, electronic advertising or other electronic promotional materials of any kind, including without limitation on invoices, order forms, and emails, as well as on paper invoices, bills of lading, order forms and the like; and

   b. Referring verbally to Defendant by any of the Infringing Marks or as "National" when answering calls placed to Defendant's customer service telephone numbers or otherwise interacting with customers (for the avoidance of doubt, Defendant may truthfully tell consumers who affirmatively inquire that it was previously known by the Infringing Marks); and

   c. Using the Infringing Marks in United States commerce on newly created materials, in connection with the sale, offer for sale or marketing of moving services of any kind; and

   d. Registering or using any new domain names comprised of, including, or confusingly similar to any of the Infringing Marks.

2. Pursuant to 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, signs, advertisements, and any other material bearing any of the Infringing Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof within 30 days of the entry of the United District Court's Order on Plaintiff's Motion for Default Judgment, ECF No. 45.

3. Defendant be directed to cover or conceal the Infringing Marks to the extent that they are displayed on any existing physical signage or materials (for the avoidance of doubt, Defendant need not paint over or conceal the Infringing Marks if same are currently displayed on any large outdoor signs or moving vans).

4. Defendant be further permanently enjoined from using, whether directly or indirectly, the Infringing Marks or any other mark or word confusingly similar to the

NATIONAL VAN LINES Marks, on or in connection with goods or services of any kind, including, without limitation, as a business name.

      5.      Defendant be directed to cancel any other registered domain name or online account or page (including, without limitation, any social media or file sharing account or page) that uses the Infringing Marks in any way, with the understanding that some pages may be cached on various search engines and their removal is outside Defendant's control.

      6.      Defendant be directed to change the name of Defendant's corporation with all relevant official government bodies, including, without limitation, the Federal Motor Carrier Safety Administration (FMCSA) and the State of South Carolina, within 30 days of the entry of the United District Court's order on Plaintiff's Motion for Default Judgment, ECF No. 45.

      7.      In the event Defendant fails to change its name with the State of South Carolina or anywhere else where it is officially registered within the 30-day time period, then those official governmental bodies/agencies are requested to cooperate with the United District Court's Order and suspend Defendant's accounts in the interest of justice, and to avoid further consumer confusion.

      8.      Pursuant to 15 U.S.C. § 1116(a), Defendant should be required to file with the court within 45 days of service on Defendant of the United District Court's Order on Plaintiff's Motion for Default Judgment, ECF No. 45 a sworn affidavit or declaration setting forth in detail the manner and form in which Defendant has complied with such Order.

The Clerk is directed to send a copy of this Report and Recommendation to Defendant by regular and certified mail at its last known address.

IT IS SO RECOMMENDED.

March 25, 2013                                                      Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**