IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| National Van Lines, Inc., | ) | C/A No.: 4:12-926-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| National Van Lines Inc., *d/b/a* National Vanline Inc., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On April 2, 2012, the Plaintiff, National Van Lines, Inc. ("Plaintiff"), filed this civil action alleging claims against Defendant, National Van Lines Inc. ("Defendant"), for federal trademark infringement, 15 U.S.C. § 1114(a); federal unfair competition, 15 U.S.C. § 1125(a); federal trademark dilution, 15 U.S.C. § 1125(c); cybersquatting, 15 U.S.C. § 1125(d)(1); and violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a). (Doc. #1). After the Defendant failed to provide the Court with current information, to retain new counsel, and to answer or otherwise respond to Plaintiff's complaint, Plaintiff filed a motion for entry of default judgment.[1] (Doc. #45). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the default judgment motion was referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation.

---

[1] Although Plaintiff styled its motion as a "Motion for Entry of Default" and cites to Federal Rule of Civil Procedure 55(a) in the Motion, the Court notes that Plaintiff's Memorandum in Support of the Motion for Entry of Default seeks entry of default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b). (Docs. # 45; #45-1 at 6). Furthermore, the Court notes that the Clerk of Court previously entered default pursuant to Rule 55(a) in response to Plaintiff's "Request for Entry of Default." (Docs. #41, 43). Thus, the Court construes Plaintiff's pending Motion, (Doc. #45), as a Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55(b), (see Doc. #49).

1

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West. In her Report, (Doc. #57), Magistrate Judge West recommends that the Court grant Plaintiff's Motion for Default Judgment, as detailed below. Neither party filed objections to the Report. Notably, the Defendant has not objected to the relief recommended by the Magistrate Judge in the Report.[2]

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a party specifically objects and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. No objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

A review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Report, (Doc. #57), is **ACCEPTED** and, without objection by Defendant, Plaintiff's motion for default judgment, (Doc. #45), is **GRANTED** as outlined in the Report.

**IT IS SO ORDERED.**

                                                               s/ Terry L. Wooten
May 17, 2013                                             **TERRY L. WOOTEN**
Columbia, South Carolina                          **UNITED STATES DISTRICT JUDGE**

---

[2] The Report and Recommendation was mailed by regular and certified mail to Defendant's last known address on March 25, 2013, and was returned as undeliverable on April 8, 2013. (See Docs. #58, 59).